IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-181 |
| | ) | (VARLAN/SHIRLEY) |
| JOEL K. TYLER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties came before the Court for a hearing on March 4, 2009, to address the Defendant's Motion for Continuance of Trial Date [Doc. 13]. Assistant United States Attorney J. Edgar Schmutzer was present representing the Government. Attorney Charles C. Burkes was present representing the Defendant, who was also present.

The deadline for filing motions in this case was previously extended to March 3, 2009, and on March 3, 2009, the Defendant filed three additional pretrial motions: First Motion to Dismiss, or in the Alternative, Motion to Require the Government to Prosecute Under Federal Assault Statute [Doc. 15], Motion for Bill of Particulars [Doc. 16], and Motion for Discovery of Exculpatory Evidence [Doc. 17]. In the Motion for Continuance, the Defendant requests that the motion deadline be extended to March 6, 2009 so that additional the pretrial motions can be filed. The Defendant also seeks a continuance of the March 10, 2009, trial date to allow the motions to be

addressed. The Defendant states that he is aware of his current trial date and his right to a speedy trial but, nonetheless, seeks a continuance.

At the hearing, the Defendant reiterated the contents of his motion, and Attorney Burkes explained that the Defendant needed until March 6, 2009, to prepare a motion to suppress. Attorney Burks also stated that the Defendant remained in compliance with the terms of his release and understood that those conditions would continue to apply if the trial date were continued. The Government agreed that the Defendant had not violated any of the terms of his release and had no objection to the motion. Both parties felt that any time between the current trial date and a new trial date would be fully excludable for purposes of the Speedy Trial Act.

Finally, the Court addressed the Defendant. The Defendant confirmed that he understood he had a right to a speedy trial but he sought to continue the trial. The Court reminded the Defendant that the conditions of his release would remain in effect until the new trial date and noted that while pretrial services reported that the Defendant was in compliance with these conditions, it had come to the Court's attention that the Defendant had lost his job. The Court reminded the Defendant that under the conditions of his release he must continue to actively seek employment.

Based on the foregoing, the Court finds the Defendant's Motion for Continuance **[Doc. 13]** is well-taken, and it is **GRANTED**. The Defendant shall have up to and including March 6, 2009, in which to file pretrial motions, and the Government shall have up to and including March 20, 2009, to respond to such motions. A hearing on the motions shall be held April 1, 2009, and this case shall proceed to trial on July 6, 2009.

2

The Court finds that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). There is a motion for dismissal currently pending in this case and a motion to suppress is likely to be filed. Both of this motions must be addressed by report and recommendation to the District Court. The Court finds that hearing these motions, deliberation by this Court, opportunity for objection, and opportunity for deliberation and decision by the District Court will require approximately four months to complete and would be impossible to complete prior to the current trial date of March 10, 2009. In light of the extension of the motion deadline and the necessity of at least one report and recommendation in this case, the Court finds that a continuance is necessary to allow counsel for the Defendant the reasonable time necessary for effective preparation, even taking into account counsel's exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court finds that the period of time between the filing of the Motion for Continuance [Doc. 13] on February 17, 2009, and the hearing held on March 4, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F). The Court further finds that the period of time between March 4, 2009, and the new trial date of July 6, 2009, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. § 3161(h)(8)(A)-(B).

Accordingly:

1. The Defendant's Motion for Continuance **[Doc. 13]** is **GRANTED**;

2. The Defendant shall have up to and including **March 6, 2009**, in which to file pretrial motions;

3. The Government shall have up to and including **March 20, 2009**, to respond to such motions;

4. A hearing on the motions shall be held **April 1, 2009 at 9:30 a.m.**;

5. The trial is reset to commence on **July 6, 2009, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

6. All time between February 17, 2009, and July 6, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth above.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge