UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:08-CR-181 |
| v. ) | (VARLAN/SHIRLEY) |
| ) | |
| JOEL K. TYLER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the defendant's Motion Requiring the Government to Inform the Defendant of the Intent to Use Evidence [Doc. 9], Motion for Bill of Particulars [Doc. 16], Motion for Exculpatory Evidence [Doc. 17], Motion for Disclosure of Evidence that Could be Deemed Favorable to Defendant [Doc. 20], and Motion for Disclosure of 404(b) Information.[1] [Doc. 21] The Court will address each motion in turn.

**I.   Motion Requiring the Government to Inform the Defendant of the Intent to Use Evidence [Doc. 9]**

The defendant moves the Court to Order the government to produce, pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, any evidence it intends to use in its case-in-chief at trial that is arguably subject to suppression. The defendant also seeks any evidence

---

[1] Also pending are the defendant's Motion to Dismiss and Motion to Suppress. [Docs. 15, 22] The Court has taken those motions under advisement and will issue a Report and Recommendation as to their resolution in due course.

discoverable under Rule 16 of the Federal Rules of Criminal Procedure, as well as any evidence governed by the Jencks Act. The government's response indicates that it is aware of its obligations under the Rules and that it will comply with the Court's Order on Discovery and Scheduling. [Doc. 4]

Rule 12(b)(4)(B) requires the government upon request of the defendant to give notice to the defendant of the government's intent to use certain evidence at trial. By its own terms, the rule is limited to evidence the defendant would be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is neither designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. In this case, the defendant has already filed a suppression motion. [Doc. 22] Thus, here, as in Lanier, it appears that "the defendant's Rule 12[(b)(4)(B)] motion was filed as a means of obtaining more specific discovery than that afforded by Rule 16." 578 F.2d at 1254. As for the portions of the motion based on Rule 16 and the Jencks Act, the Court's Order on Discovery and Scheduling already addresses the government's compliance with Rule 16 [Doc. 4 at ¶¶ A, B] and the Jencks Act [Doc. 4 at ¶ O], and the motion fails to establish any reason to alter those requirements.

2

Accordingly, the defendant's Motion Requiring the Government to Inform the Defendant of the Intent to Use Evidence **[Doc. 9]** is hereby **DENIED**.

**II.     Motion for Bill of Particulars [Doc. 16]**

The defendant next moves the Court to require the government to produce a bill of particulars describing the identity of the alleged victim in this matter.  As grounds, the defendant argues that he is unable to adequately prepare for trial in the absence of such information.  The government opposes the motion.

> [t]he purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution of the same offense when the indictment itself is too vague, and indefinite for such purposes.

In describing the scope of a bill of particulars, the Sixth Circuit has held that

United States v. Birmley, 529 F.2d 103, 108 (6th Cir. 1976).  However, a bill of particulars may not be used as "a tool for the defense to obtain disclosure of all evidence held by the government before trial", nor as a means of gaining insight into the government's legal theories.  United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993); United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983).  Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources."  United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

After a review of the Indictment [Doc. 3] and all of the evidence before the Court, the Court finds that the Indictment, coupled with the information already disclosed to the defendant, provides sufficient details to the defendant to allow him to prepare for trial, to avoid or minimize the danger

3

of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution of the same offense. Birmley, 529 F.2d at 108. In this case, it is clear from the defendant's written and verbal statements to law enforcement that he is aware of the encounter at issue, and thus has the information necessary to adequately prepare for trial. While the defendant has challenged the admissibility of those statements, he has not challenged their veracity, or otherwise denied knowledge of details of the alleged criminal actions at issue.

To the extent that the defendant argues that the identity of the victim is needed so that he can attempt to impeach her testimony at trial, "a bill of particulars is not a discovery device and should not be used to obtain detailed disclosure of the government's evidence prior to trial." United States v. Cooper, No. 89-6284, 1990 U.S. App. LEXIS 8463, at *5 (6th Cir. May 23, 1990). Rather than allowing a Bill of Particulars to be used in an effort to obtain discovery, or the identity of one of the government's witnesses, the Court instead considers that issue to be more properly raised by the defendant's Motion for Disclosure of Evidence that Could Be Deemed Favorable to Defendant [Doc. 20], and is not a proper basis for a Bill of Particulars. Accordingly, the defendant's Motion for Bill of Particulars **[Doc. 16]** is hereby **DENIED**.

### III. Motion for Exculpatory Evidence [Doc. 17]

The defendant next moves the Court to compel the government to disclose in advance of trial any exculpatory evidence as to this case, including any evidence governed by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. The government opposes the motion.

In addressing this issue, the Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). Favorable evidence includes evidence

4

tending to impeach a government witness, including plea agreements and promises of immunity. See Giglio v. United States, 405 U.S. 150, 154-55 (1972). In the present case, the Court's Order on Discovery and Scheduling [Doc. 13 at ¶ E.] provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by United States v. Presser, 844 F.2d 1275 (6th Cir. 1988).

The Court finds that the defendant's request is covered by the Order. Furthermore, the government has acknowledged its continuing duty to disclose exculpatory evidence. Accordingly, because the disclosure of impeaching evidence is already covered by the Court's Order on Discovery and Scheduling, the defendant's Motion for Exculpatory Evidence **[Doc. 17]** is hereby **DENIED**.

**IV.     Motion for Disclosure of Evidence that Could be Deemed Favorable to Defendant [Doc. 20]**

The defendant next moves the Court to require the government to produce the name of the alleged victim in this case and to produce information regarding a prior sexual assault by a third party on the alleged victim. As grounds, the defendant argues that he needs this information to properly prepare for trial and further argues that he is entitled to the information under Rule 412(b)(1)(C) of the Federal Rules of Evidence. The government opposes the motion, arguing that it will comply with its Brady obligations and will produce Brady material as required by the Court's Order on Discovery and Scheduling.

With respect to the identity of the alleged victim, the defendant argues that he needs that information to properly prepare for trial. In effect, the defendant seeks to require the government

5

to disclose the identity of one of its potential witnesses, thus the Court turns to jurisprudence governing the disclosure of a list of the government's witnesses in criminal matters. "Ordinarily, a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993) (citing Fed.R.Crim.P. 16). This rule is tempered by the government's obligation under Brady v. Maryland, 373 U.S. 83, 87 (1963), to provide defendant with information that is favorable to his defense and material to either guilt or punishment. The government, in the present case, has acknowledged its duties under Brady and "acts at its own peril" if it fails to provide Brady materials in a timely fashion. See United States v. Presser, 844 F.2d 1275, 1281 (6th Cir. 1988).

There appears to be some tension in the case law regarding whether the Court has the discretion to order the government to produce a witness list even though Rule 16 does not require it. Compare United States v. Kendricks, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district court has the discretion to order the prosecution to produce a witness list), with Presser, 844 F.2d at 1285 (holding that Rule 16 provides no authority for compelling the government to disclose Brady material or any other evidence not required by the pretrial rules). Even in holding that Rule 16 does not allow for discovery beyond its scope, the Sixth Circuit has noted that "a trial court may have some inherent power to enter specific orders compelling the disclosure of specific evidence when justice requires it," although it may not disregard the specific statutory provisions such as the Jencks Act. Presser, at 1285 n. 12.

Assuming that this Court has discretion to order disclosure of the government's witness list, or in this case, a specific portion of the witness list, the identity of the alleged victim, the Court finds that the defendant's case does not present circumstances so unusual as to warrant such an order.

6

Certainly, the defendant would be better prepared to meet the government's accusations if he had more information about the witnesses he may face at trial. This, however, does not distinguish the defendant from most, if not all, criminal defendants. The Constitution does not require the prosecutor to share all useful information with the defendant. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case."). The defendant's contention that he needs the identity of the alleged victim in order to investigate the case and prepare for cross-examination is insufficient in light of the government's compelling interest in protecting its witness. Thus, the Court does not find that justice requires disclosure of the identity of the alleged victim in the present case.

With regard to the information as to the prior assault on the alleged victim, the defendant references Rule 412(b)(1)(C) of the Federal Rules of Evidence, arguing that he is entitled to the information under that rule. Rule 412(b)(1)(C), however, governs admissibility, and does not create an entitlement to certain discovery. Rule 412(b)(1)(C) creates an exception to Rule 412(a), which renders inadmissible evidence in a case such as this regarding an alleged victim's past sexual behavior and sexual predisposition. Specifically, Rule 412(b)(1)(C) states that "[i]n a criminal case, the following evidence is admissible, if otherwise admissible under these rules: . . . evidence the exclusion of which would violate the constitutional rights of the defendant." Fed. R. Evid. 412(b)(1)(C). The rule in no way entitles the defendant to such information, but instead states that if the exclusion of such evidence would violate a defendant's constitutional rights, then such evidence shall be admissible.

Thus, because Rule 412 does not create a right to the discovery at issue, the Court must instead again turn to Brady and its progeny to determine whether the defendant is entitled to advance

7

discovery of the information at issue. As the Court noted above, the Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87 (1963). Favorable evidence includes evidence tending to impeach a government witness, including plea agreements and promises of immunity. See Giglio v. United States, 405 U.S. 150, 154-55 (1972). The defendant argues that the information about the prior assault is relevant to the alleged victim's state of mind, and is potentially exculpatory in nature. However, the Court does not find the information at issue so unique or compelling as to require advance disclosure. Rather, the Court finds that such information shall instead be governed by Presser and by the Court's Order on Discovery and Scheduling. [Doc. 4 at ¶ E]

Accordingly, the defendant's Motion for Disclosure of Evidence that Could be Deemed Favorable to Defendant **[Doc. 20]** is hereby **DENIED**.

## V.     Motion for Disclosure of 404(b) Information [Doc. 21]

The defendant next moves the Court to require the government to provide notice in advance of trial of its intent to use any evidence of other crimes, wrongs, or acts of the defendant, as contemplated by Rule 404(b) of the Federal Rules of Evidence. The government opposes the motion, arguing that it will comply with the Court's Order on Discovery and Scheduling [Doc. 4], which orders that notice be given seven days before trial.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 4 at ¶ I] states that

8

"reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The defendant has stated no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling.

Accordingly, the defendant's Motion for Disclosure of 404(b) Information **[Doc. 21]** is hereby **DENIED**.

### VI. Summary

For the reasons set forth more fully above, the defendant's Motion Requiring the Government to Inform the Defendant of the Intent to Use Evidence **[Doc. 9]**, Motion for Bill of Particulars **[Doc. 16]**, Motion for Exculpatory Evidence **[Doc. 17]**, Motion for Disclosure of Evidence that Could be Deemed Favorable to Defendant **[Doc. 20]**, and Motion for Disclosure of 404(b) Information **[Doc. 21]** are hereby **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

9

Case 3:08-cr-00181-TAV-CCS   Document 34   Filed 04/15/09   Page 9 of 9   PageID #: 95